UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action Number _____

| | |
|---|---|
| Gilbert H. Amis, III, ) | |
|                      Plaintiff, ) | |
|           v. ) | |
|   ) | COMPLAINT |
| Michael Chertoff, Secretary ) | |
| Department of Homeland Security; ) | |
|   ) | |
|                     Defendant. ) | |

       I.       Introduction and Jurisdiction

     1.      This is an action seeking legal and equitable relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U. S. C. Section 2000e (Title VII) 42 U.S.C. 2000e 5 (f) through (k)) 42 U.S.C. Section 2000e-16, and the Civil Rights Act of 1991, 42 U.S.C. Section 1981a, the Rehabilitation Act of 1973, as amended, 29 U.S.C. Section 791 and 794(a), and the Americans with Disabilities Act, 42 U.S.C. Section 12117.

     2.      Jurisdiction of the court is invoked pursuant to 28 U.S.C. Section 1343, this being a proceeding seeking to enforce rights and remedies secured under Title VII and Section 1981a. Jurisdiction is also conferred upon this court by 42 U.S.C. Section 2000e-5(f)(1), 42 U.S.C. 2000e-16 and 42 U.S.C. Section 12117.

     3.      Jurisdiction is further invoked pursuant to 28 U.S.C. Sections 2201 and 2202, this being an action seeking a declaratory judgment declaring illegal the acts of the Defendant complained of herein in violation of rights secured to the plaintiff by Title VII, Section 1981, and Section 1981a.

## II. Parties

4. Plaintiff, Gilbert Amis III, is a citizen of the United States residing in the state of North Carolina. Plaintiff at the time of the events which took place in this cause was an employee of the United States Government, the Department of Homeland Security, Federal Air Marshal s Service (FAMS).

5. At all time relevant to this matter the plaintiff s duty assignment with the FAMS was with and at the Charlotte Field Office (CFO), FAMS, in the city of Charlotte, North Carolina.

6. Defendant, Michael Chertoff, is Secretary, Department of Homeland Security, an agency of the Government of the United States, operating by authority of, and under the laws of, the United States of America. The defendant Michael Chertoff, in his capacity as Secretary, Department of Homeland Security, transacts and conducts agency and governmental functions and operations, to include the hiring and firing, directing and supervision of employees, setting of wages and carrying out of employer roles and functions, as well as other terms and conditions of employment, within the state of North Carolina and the territorial area comprising the Western District of North Carolina.

## III. Facts

7. The plaintiff, sought work with the agency as a Federal Air Marshal in and around May 2002.

8. As a part of the application process the plaintiff was obligated to make an application and to submit to certain medical screening.

9. In and around May 4, 2002, prior to any offer of employment by the agency, the plaintiff was required to complete one or more medical questionnaires and to submit to a medical

examination. One of the medical questionnaires or forms, the agency pre-employment medical history form (SF-93) asked the plaintiff to divulge confidential medical information above and beyond that which is permitted under applicable guidelines of the U.S. Equal Employment Opportunity Commission (EEOC).

10. In addition, on or around May 8, 2002, the plaintiff, prior to an offer of employment by the agency was required to submit to a physical medical examination.

11. The plaintiff was first extended an offer of employment on or around May 23, 2002. The plaintiff began working for the agency on or around June 2, 2002

12. The defendant agency has a pay system for Air Marshals which encompasses a beginning pay at Pay Band G, and graduates upward to the journey level at Pay Band I. Promotion from pay bands G, H and I is not competitive. Rather, pay band promotions are based on whether the Marshal is successfully performing the duties and responsibilities of the job at the level which he holds as the major criteria for promotion the next higher level.

13. Plaintiff began his service as an Air Marshal at the pay band G level. Delays in promoting an Air Marshall at the Field Office level can only be done with permission by the Deputy Assistant Director (DAD) at the FAMS headquarters operation.

14. Plaintiff, in and around June, 2004, made inquiry of the Charlotte Field Office Administrative Office as to the status of his expected promotion from the H-band to the I-band pay grade. Plaintiff s inquiries were passed on to the level of CFO Special Agent in Charge (SAC). The SAC at the time was Robert Cozart.

15. Being dissatisfied with the response by the SAC, on June 24, 2004, the plaintiff asked the Field Office s Administrative Officer (AO) for the number of the equal employment opportunity (EEO) operation and informed the AO that he intended to file a charge of

employment discrimination with the EEOC through the agency s EEO office based on the SAC s decision to withhold his promotion to pay-band I.

16. Shortly thereafter, also in June 2004, the plaintiff sought EEO counseling as required by applicable federal regulations regarding the filing of employment discrimination claims against a federal agency employer.

17. Thereafter, and continuously from October 7, 2004 through April 2005, the plaintiff s promotion to pay-band I was delayed or withheld in retaliation for plaintiff having utilized or resorted to the use of the EEO complaint procedure and or in violation of the requirements of the Rehabilitation Act as applied to federal employees in tandem with the Americans with Disabilities Act (ADA).

## IV. FIRST CAUSE OF ACTION

18. Plaintiff realleges and restates as if specifically pleaded herein, the allegations set forth at paragraphs 1 through 17, above.

19. Based upon retaliation against the plaintiff in violation of Title VII, the Rehabilitation Act and or the ADA, plaintiff, was unlawfully discriminated against when the agency sought and utilized or relied upon information obtained in violation of federal regulations and laws, 29 C.F.R. Sections 1630.12 and 1630.13, and 42 U.S.C. Sections 12112 and 12203 and 42 U.S.C 2000e-16, to delay or deny plaintiff s promotion to pay band I.

## V. SECOND CAUSE OF ACTION

20. Plaintiff realleges and restates as if specifically pleaded herein, the allegations set forth at paragraphs 1 through 17, above.

21. Based upon discrimination prohibited by the ADA and Rehabilitation Act, 42 U.S.C. Section 12112(d)(2) and 42 U.S.C. 12203, the plaintiff was discriminated against when

4

the agency made inquiry of, utilized and relied upon information it was prohibited from gathering to deny the plaintiff promotion to pay-band I.

.            VI.     THIRD CAUSE OF ACTION

22.     Plaintiff realleges and restates as if specifically pleaded herein, the allegations set forth at paragraphs 1 through 17, above.

23.     Based upon disability discrimination based upon the gathering and use of confidential medical records and information and in violation of plaintiff s privacy interests pursuant to 5 U.S.C. Section 552a the plaintiff was discriminated against and harmed by the agency s actions when plaintiff s private, confidential medical information was not protected, was compromised and was improperly utilized by agency officials.

VIII.    DAMAGES

24.     Because of the discrimination claimed herein, the plaintiff has suffered loss of status, loss of pay, medical impairments and extreme emotional distress, including extreme worry, loss of sleep, humiliation, as well as monetary losses and loss to reputation and standing among peers.

25.     Plaintiff has been and continues to be irrevocably injured by the discriminatory actions complained of herein. The injuries which plaintiff suffered are and will continue to be irrevocable until enjoined by this court. Plaintiff has no other adequate or complete remedy other than this proceeding to have the practices of the defendant complained of herein remedied. Plaintiff seeks compensatory damages under the Civil Rights Acts of 1964 and 1991 and under Section 1981a in addition to other damages set forth herein.

VIII.    Exhaustion of Administrative Remedies

26.     The plaintiff exhausted his administrative remedies in this cause under Title VII

of the Civil Rights Act of 1964, as amended, (Title VII) and the Rehabilitation Act as it relates to the process and procedure which federal sector employees must go through in order to bring an action in this court.

27. Plaintiff, following the utilization of the processes and procedures set forth at 29 C.F.R. Part 1614 sought review at the administrative level before the U.S. Equal Employment Opportunity Commission and the EEOC s Office of Federal Operation (OFO) last ruled on the plaintiff s claims by the issuance of a Denial decision on the plaintiff s Request for Reconsideration that was issued on May 22, 2008. A copy of that Denial is attached hereto as Complaint Exhibit A.

28. This matter was filed, consistent with the instructions by the EEOC within ninety (90) days of plaintiff s receipt of the Denial decision by the OFO. See Exhibit A

IX. Demand for Trial by Jury

29. The plaintiff requests a trial by jury as to all issues of fact and law.

VI. Prayer for Relief

WHEREFORE, the plaintiff prays of this court as follows:

A. That the matter be set for trial by jury at the earliest possible date.

B. That the court issue an injunction enjoining the employer from engaging in further or additional discriminatory treatment at its Charlotte Field Office.

C. That the employer be ordered to have its supervisory and managerial officials at its Charlotte Field Office responsible for the adverse and discriminatory actions taken against the plaintiff take appropriate training designed to correct, alleviate and ensure against further discriminatory treatment as has been visited upon the plaintiff, and that such training be repeated for a period of not less than once a year for the next three years.

D. That the employer be ordered to retroactively promote the plaintiff to pay-band I, effective October 7, 2004, and that all lost wages and benefits which would have been received had the plaintiff been properly promoted on-time (effective October 7, 2004) be awarded to the plaintiff.

E. That the employer be ordered to reimburse the plaintiff for his lost earnings, his ancillary monetary losses, and other remuneration which he has suffered as a result of the discriminatory treatment he has suffered in this cause.

F. That the agency be required to make adjustments to the plaintiff's retirement earnings and Thrift Savings Plain contributions commensurate with the contributions that would have been made had the plaintiff not been delayed in being promoted from pay-ban H to pay-band I of the employer's pay scale.

G. That the plaintiff be awarded compensatory damages in an amount to be proved at trial.

H. That the plaintiff be awarded any "cost of living increases" which would have been awarded or provided to the plaintiff but for the delay in his promotion from the "H-band" to the "I-band."

I. That the plaintiff be awarded his reasonable attorney fees.

J. That the plaintiff be awarded such further relief as is appropriate and warranted under the facts of this case.

Respectfully submitted, this the 21st day of August, 2008.

FOR THE PLAINTIFF

The Cummings Law Firm, P.A.

7

By: /s/<u>Humphrey S. Cummings</u>  
HUMPHREY S. CUMMINGS, Esquire  
Attorney and Counselor at Law  
North Carolina State Bar I.D. No. 7677  
1230 West Morehead Street, Suite 404  
Charlotte, NC 28208-5210  
Tel: 704.376.2853; fax, 704.376.3334  
E-mail: cummingslawfirm@aol.com

8