IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:08CV387-FDW-DCK

| | |
|---|---|
| GILBERT H. AMIS, III, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| JANET NAPOLITANO, | ) |
| Secretary, United States | ) |
| Department of Homeland | ) |
| Security | ) |
| | ) |
| Defendant. | ) |

**SUPPLEMENTAL PROTECTIVE ORDER**

This matter is before the Court on the parties' joint motion under Fed. R. Civ. P. 26(c)(1) for entry of a supplemental protective order. There is already a standing protective order applicable to all civil cases assigned to the undersigned judge. *See,* Order in case number 3:07mc-47 at doc. # 3.

This is an employment discrimination case by a Federal Air Marshal that involves allegations regarding his employment in the Federal Air Marshal Service. In discovery, the parties may seek or be required to disclose materials that contain confidential information, including information that contains Sensitive Security Information ("SSI") including, among other things, the identities of Federal Air Marshals and details of operations within the Federal Air Marshal program, which is protected from disclosure by 49 C.F.R. § 1520.5(b) or information that may be protected from disclosure by the Privacy Act of 1974, 5 U.S.C. § 552a.

The Court finds that, based on the representation of the parties, disclosure of Sensitive Security Information ("SSI"), as defined in 49 C.F.R. Part 1520, as well as information protected by the Privacy Act, 5 U.S.C. § 522a, may be necessary to the resolution of this action. Consequently,

the Court finds that the following additional protective provisions should be ordered in this case.

**THEREFORE IT IS HEREBY ORDERED** that

1. The terms of this Court's standing protective order at 3:07mc-47, doc. # 3, still apply in this case as supplemented below;

2. This Supplemental Protective Order shall apply to the disclosure in the course of this action of all agency records that contain Sensitive Security Information as defined in 49 C.F.R. § 1520 or that are protected by the Privacy Act;

3. Pursuant to 5 U.S.C. § 552a(b)(11) and Federal Rule of Civil Procedure 26(c), this Protective Order permits the Defendant to produce information and records reasonably calculated to provide Plaintiff the discovery he seeks without requiring Defendant agency officials to pre-screen each document for Privacy Act objections and presenting those objections to this Court for a decision regarding disclosure. This Protective Order does not constitute a waiver by either party of their respective rights under the Federal Rules of Civil Procedure or the Federal Rules of Evidence, nor does it constitute any decision by the Court concerning discovery, the admission into evidence of Protected Documents, or liability for payment of costs of production of such Protected Documents;

4. The Defendant, the Department of Homeland Security, the Transportation Security Administration, and the Federal Air Marshals Service are authorized to release to the United States Attorney's Office documents and information relevant to this case, which are or contain information protected by the Privacy Act, 5 U.S.C. § 522a without first obtaining prior consent of the individual to whom such records pertain, including Plaintiff;

5. The materials protected by the protective orders in this case shall not be used or disclosed to any person by the parties or their counsel for any purpose other than for the preparation for, and

hearing of, or trial of this case, and any appeal and remand of the case;

6. The materials and information covered by the protective orders in this case shall be destroyed or returned to Defendant's counsel within thirty (30) days after the conclusion of all proceedings, including any settlement, trial or appeal; and it shall be the obligation of the holder of protected information timely to return or destroy the information;

7. The parties shall not make available SSI to those who are not covered parties with a need to know, as defined in 49 C.F.R. Part 1520. To protect against inadvertent disclosure, SSI designated information shall be safeguarded in such a way that it is not physically or visually accessible to persons who do not have a need to know. When unattended, SSI must be secured in a locked container or office or other restricted access area.

8. Documents containing SSI that inadvertently have not been marked as SSI still must be safeguarded against unauthorized disclosure. Deposition testimony that may contain SSI should be so designated by verbal notice at the time of the deposition or written notice within 10 days of receipt of the transcript. However, testimony containing SSI that is not designated, through mistake, nonetheless must be safeguarded against unauthorized disclosure;

9. All documents subject to this Order shall be marked as follows: "Confidential" or "SSI" or "Sensitive Security Information" and "Subject to Protective Order."

10. In addition, any Judge, Magistrate, or employee of the Court is a Covered Person, as defined in 49 C.F.R. §1520.7, and nothing in this Order shall preclude any disclosure of documents subject to this Order to any employee of the Court for purposes of this action;

11. In the event that either party in this case needs or intends to disclose in a public hearing or trial related to this matter or in the public record of this case any confidential information

protected by this order, then counsel for such party shall do one of the following: (1) redact the confidential portions of any such documents or information; (2) replace the confidential portions of such information with anonymous markers such as serial numbers or letters with an index identifying the information referred to provided to opposing counsel only; (3) seeking an order from this court to file or receive the document or other confidential information under seal; and (4) particularly with regard to Sensitive Security Information as defined in 49 C.F.R. Part 1520 that a party seeks to admit into evidence in an unredacted form, the party seeking to introduce such information at a public hearing or trial shall make an appropriate motion in advance for the court to determine if part of the hearing or trial must be closed to the public or if other measures can or must be taken to safeguard such information from public disclosure.

12. This Order is intended to enforce protections within this litigation of confidential information that is in fact disclosed by the parties. This Order does not mandate any particular disclosures nor does it in any way contravene the provisions of 49 U.S.C. § 46110(a) and (c) which gives the circuit courts exclusive jurisdiction over orders issued by the TSA Administrator and decisions of that agency regarding SSI disclosures.

So Ordered.

Signed: March 18, 2009

_____
David C. Keesler
United States Magistrate Judge